UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FESTER MARSHALL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 05-792 (RMC) |
| | ) |
| UNITED STATES PAROLE | ) |
| COMMISSION, | ) |
| | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP-Jonesville"). In his *pro se* complaint, Petitioner alleges that the United States Parole Commission ("USPC") violated the *Ex Post Facto* Clause of the Constitution in applying his parole guidelines. Respondent has filed a motion to dismiss.

### I. Background

On January 3, 1980, in the Superior Court of the District of Columbia, Petitioner was sentenced to twenty years to life for murder, a consecutive term of ten to thirty years for burglary while armed, and a concurrent sentence of 65 days for carrying a pistol without a license. Defendant's Motion to Dismiss ("Deft.'s Mot."), Ex. B.[1] On August 23, 1990, the United States Marshal lodged a detainer against petitioner for an escape conviction in the Western District of Texas. *Id.*, Ex. A & Ex. C.

Petitioner received a parole hearing on June 22, 2004. *Id.*, Ex. G. The hearing examiner

---

[1] In reviewing a motion to dismiss based on lack of jurisdiction, the court may consider matters outside the pleadings. *Rong v. Liaoning Provincial Gov't*, 362 F. Supp. 2d 83, 90 (D.D.C. 2005); *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 n. 1 (D.D.C. 2002).

found that Petitioner's parole guideline range was 372-390 months.  *Id.*  Because Petitioner had only served 309 months as of the date of the hearing, the hearing examiner recommended that Petitioner be continued to a rehearing after the service of 60 months.  *Id.*  On July 20, 2004, the USPC adopted the hearing examiner's recommendation.  *Id.*, Ex. H.

## II.  Discussion

Respondent moves to dismiss the complaint for lack of personal jurisdiction.  Plaintiff bears the burden of establishing personal jurisdiction over each defendant.  *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003).  In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.  *Id.*  Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.  *Id.*  In deciding a motion to dismiss for lack of personal jurisdiction, the Court need not treat plaintiff's allegations as true.  *Id.*  Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination.  *Id.*

Respondent contends that Petitioner's complaint should be construed as one for habeas corpus relief.  A petition for writ of habeas corpus is the exclusive remedy for a federal prisoner even when the asserted claims would have merely a "probabilistic impact" on the duration of custody.  *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000).  Petitioner's claim is that the parole guidelines used by the USPC in denying him parole violated the *Ex Post Facto* Clause and the Court's holding in *Fletcher v. District of Columbia*, 391 F.3d 250 (D.C. Cir. 2004).[2]  *See* Complaint, p. 2.   Challenges to parole-related decisions are habeas actions and

---

[2] In *Fletcher*, the Court of Appeals held that parole regulations promulgated after the prisoner committed the crime for which he is imprisoned and used in determining his parole

the proper respondent is the warden of petitioner's place of incarceration. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir.), *cert. denied*, 125 S.Ct. 448 (2004).

Construed as a habeas corpus petition, the Court lacks jurisdiction over petitioner's claim. Habeas corpus jurisdiction resides in the district court where the prisoner is incarcerated at the time the petition is filed. *Padilla v. Rumsfeld*, 542 U.S. 426, 435 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.1 (D.C. Cir. 1988)(en banc). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes*, 374 F.3d at 1238; *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). Since Petitioner is incarcerated at the United States Penitentiary in Jonesville, Virginia, this Court cannot entertain his habeas claim.

### III. Conclusion

The Court lacks jurisdiction over this action. Accordingly, respondent's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: November 28, 2005.

---

eligibility would violate the *Ex Post Facto* Clause if the regulations posed a significant risk of increased punishment. *Id.* at 251.